Stanley V. LEMONOVICH, Administrator of the Estate of Stanley Lemonovich, Deceased, et al., Plaintiffs,

v.

Joseph A. KLIMOSKI, an individual, and Jones & Laughlin Steel Corporation, a corporation, and Brownsville General Hospital, a corporation, Defendants.

Civ. A. No. 68–1160.

United States District Court,
W. D. Pennsylvania.

Aug. 11, 1970.

Greenlee, Richman, Derrico & Posa, Washington, Pa., for plaintiff.

Bruce R. Martin, Pittsburgh, Pa., for defendant Klimoski.

Duff, Grogan & Doyle, Pittsburgh, Pa., for defendant J. & L. Steel.

Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for defendant Brownsville General Hospital.

## OPINION

GOURLEY, Senior District Judge:

In this diversity action founded upon negligence, there are three matters presently before the Court, a Motion for Summary Judgment filed by defendant Jones & Laughlin Steel Corporation (J. & L.), a renewed Motion for Summary Judgment by defendant Joseph A. Klimoski, and a Motion for Leave to Amend filed by plaintiff.

On September 28, 1967, plaintiff's decedent sustained a fracture of the left tibia while working in the course of his employment at J. & L.'s Vesta No. 4 coal mine. He was admitted to the Brownsville General Hospital (Brownsville) on the same day. During his hospitalization, he was attended by defendant Klimoski, who had staff privileges at the hospital. On October 11, 1967, plaintiff's decedent, while hospitalized, suffered an acute myocardial infarction causing his death.

Plaintiff alleges that the death of the decedent was the proximate result of the negligence of defendant Klimoski in failing to diagnose and treat plaintiff's heart condition and the negligence of defendant Brownsville in failing to maintain adequate records of plaintiff's condition and in failing to furnish defendant Klimoski with reports of plaintiff's condition. Plaintiff also names J. & L. as a defendant, asserting that defendant Klimoski, at the time of the occurrences in question, was in the employ of said company, rendering it liable under the doctrine of respondeat superior.

■ The Motion for Summary Judgment filed by J. & L. is premised upon a determination by Pennsylvania Workmen's Compensation Board on May 22, 1970 granting the fatal claim petition of decedent's widow and awarding her thirty-four dollars per week, said sum to be paid by J. & L. It is specifically prescribed in Section 303 of the Workmen's Compensation Act, 77 P.S. § 481, that recovery by an employee or those claiming through him for an injury within the coverage of the Act is limited exclusively to compensation provided by the Act and that an action for negligence against the employer is barred. Accordingly, it having been established that decedent's death is compensable under the Act, the Motion for Summary Judgment filed by J. & L. will be granted.

Defendant Klimoski now seeks to renew his Motion for Summary Judgment filed on May 4, 1970. The Motion is premised upon the contention that both plaintiff's decedent and defendant Klimoski were employees of defendant J. & L. at the time of the incidents in question. Section 1 of the Act of August 24, 1963, P.L. 1175, No. 496 § 1, 77 P.S. § 72 (pocket part), makes a relatively recent addition to the Workmen's Compensation Act providing as follows:

"If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong."

Although the parties have had a considerable length of time in which to conduct pretrial discovery, there is little or no evidence other than letters dated

March 16, 1959 and November 16, 1962 to Dr. Klimoski from J. & L. which bear upon the relationship existing between them at the time of the occurrences in question. It is urged upon the Court that no substantial dispute as to the facts exists and that the sparcity of evidence upon the matter in issue should not cause the Court to refrain from making a determination as to whether this relationship was such as to render Dr. Klimoski an "employee" of J. & L. within the meaning of the Act or rather an independent contractor.

It must be assumed, in the absence of other evidence, that whatever relationship existed between the defendant-physician and defendant-company was that described in the aforementioned letters. It is indicated in the letter dated March 16, 1959 from Dr. D. J. Lauer, Medical Director of J. & L. to Dr. Klimoski that Dr. Klimoski was to be regarded as the "surgical liaison officer" at Brownsville for J. & L. It was understood that Dr. Klimoski would be responsible for attending to employees of J. & L.'s Coal Mine Division hospitalized for surgery and that Dr. Klimoski was·to refer certain surgical problems to specific surgeons and choose properly qualified specialists for other medical problems encountered. Dr. Klimoski was expected to keep appropriate records of J. & L. cases and make reports of the same to the Company. Also, he was to be available in the event of any emergency at a J. & L. mine portal.

It was acknowledged in the letter that Dr. Klimoski's duties in the capacity of "surgical liaison officer" generally would be light. His compensation was to be upon a prevailing fee-for-service basis. The subsequent letter of November 16, 1962 merely adverts to the manner in which Dr. Klimoski was to bill J. & L. and adds little light to the substance of the relationship.

■ Sections 103 and 104 of the Workmen's Compensation Act, 77 P.S. §§ 21, 22, provide that the terms "employer" and "employee", as contemplated by the Act, are to be synonymous with "master" and "servant." The relationship of master and servant exists where the employer has the right to select the employee, the power to remove and discharge him, and the right to direct both what work shall be done and the way and manner in which it shall be done. Rodgers v. P–G Publishing Company, 194 Pa.Super. 207, 166 A.2d 544 (1960), affirming 24 Pa.Dist. & Co.2d 81, 84–85, on the opinion below. However, that particular criterion which distinguishes an employer-employee relationship from an independent contractor relationship is the right to control the means of accomplishing the result. Rodgers v. P–G Publishing Company, *supra*.

■ In the instant case, the evidence before the Court establishes no more than that Dr. Klimoski was an independent contractor in his relationship with J. & L. Apart from the directive that Dr. Klimoski refer surgical problems to certain surgeons, there is nothing in the record which establishes that J. & L. had a right of control over the means by which Dr. Klimoski did his work at Brownsville General Hospital. The aforementioned directive, standing alone, is insufficient to establish that an employer-employee relationship existed. Accordingly, the renewed Motion for Summary Judgment will be denied.

Plaintiff now requests to amend his Complaint so as to allege that neither defendant Klimoski nor the plaintiff's decedent were in the employ of defendant J. & L. at the time of the occurrences in question. Under Rule 15 of the Federal Rules of Civil Procedure, leave is to be freely granted where justice requires. The Court finds that no prejudice results to defendant Klimoski from permitting this amendment at this time.

### ORDER

Now, this 11th day of August 1970, it is hereby ordered:

1. that the Motion for Summary Judgment filed by defendant

Jones & Laughlin Steel Corporation be and the same is hereby granted in favor of said defendant and against plaintiff, without prejudice to any of the other defendants to join said defendant as third-party defendant,

2. that the Motion for Summary Judgment filed and renewed by defendant Klimoski be and the same is hereby denied, and

3. that the Motion to Amend Complaint filed by plaintiff be and the same is hereby granted.